OPINION
Appellant, the state of Ohio, appeals the judgment entry of the Lake County Court of Common Pleas dismissing appellant's garnishment proceeding for want of prosecution.
Appellant obtained a judgment against appellee, Ray Matocky, d.b.a. T.C.B. Body Paint, on April 30, 1998. A court order and notice of garnishment was served upon appellee and Charter One Bank as garnishee on November 12, 1999. Appellee requested a garnishment hearing, which was set for December 8, 1999. Appellant failed to appear at the hearing and, on December 9, the trial court dismissed the garnishment proceeding without prejudice for want of prosecution.
Appellant now appeals the trial court's ruling and raises the following assignment of error:
 "[1.] The court erred when it dismissed [appellant's] garnishment of property other than personal earnings solely on the ground that Plaintiff did not appear at a hearing on the garnishment when the hearing was requested by [appellee]."
The appellant contends that the purpose of a garnishment hearing is to provide the judgment debtor with the opportunity to prove a statutory exemption or defense to the garnishment. The fact that the judgment creditor does not attend the hearing should not lead to the dismissal of the garnishment action.
R.C. 2716.06(C) permits a judgment debtor to request a hearing for the purpose of disputing the judgment creditor's right to garnish the judgment debtor's personal earnings. The subject matter of the hearing is "* * * limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.06(C). The judgment debtor has the burden of proving the existence of an exemption or defense to the garnishment. Ashtabula Cty. Med. Ctr. v.Douglass (June 3, 1988), Ashtabula App. No. 1331, unreported, at 2, 1988 WL 59836. By failing to appear at the garnishment hearing, "the judgment creditor merely waives his right to challenge the claims of the judgment debtor." Id.
In Douglass, this court held that "the failure of a judgment creditor or his legal counsel to attend the [garnishment] hearing should not result in an automatic finding in favor of the judgment debtor due only
to the creditor's failure to appear." (Emphasis sic.) Id. The facts ofDouglass are similar to those of the case at hand. Ashtabula County Medical Center ("ACMC") was awarded a default judgment against Russell Douglass. An affidavit of garnishment was filed and Douglass requested a hearing. When ACMC failed to appear at the hearing, the trial court dismissed the proceedings and released Douglass from any further liability. This court reversed the trial court, noting that the appropriate action, if the judgment debtor meets his burden of proving an exemption or defense, would be to adjust the amount due on the debt or release the debtor from further liability. Id.
In the instant case, it does not appear from the record that appellee proved an exemption or defense at the garnishment hearing. In view of appellee's apparent failure to meet his burden of proof, it was inappropriate for the trial court to release appellee from further liability by a dismissal of the garnishment proceeding.
For the foregoing reasons, appellant's assignment of error is well-taken, and the judgment of the Lake County Court of Common Pleas is reversed and remanded.
 ______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.